IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-217-BO(2)

VARIETY STORES, INC.,  )
a Delaware corporation,  )
    Plaintiff,  )
      )
      )
  v.  )
      )
      ) **ORDER**
WAL-MART STORES, INC.,  )
a Delaware corporation,  )
      )
    Defendant.  )

This matter is before the court on the following discovery motions:

    1.    Plaintiff's Motion to Compel, filed June 19, 2015 [DE #96];

    2.    Plaintiff's Motion to Compel Rule 30(b)(6) Deposition, filed July 20, 2015 [DE #107];

    3.    Plaintiff's Motion for Protective Order, filed July 20, 2015 [DE #109];

    4.    Defendant's Motion for Protective Order regarding Rule 30(b)(6) Deposition, filed July 20, 2015 [DE #111]; and

    5.    Defendant's Motion to Compel Rule 30(b)(6) Deposition, Supplemental Interrogatory Responses and Supplemental Initial Disclosures, filed July 31, 2015 [DE #115].

The parties have fully briefed the issues raised, and hearings were held on the parties' discovery motions on January 20, 2016, and January 29, 2016. Prior to the January 20, 2016, hearing, the court directed the parties to confer to discuss the

impact of the court's partial summary judgment ruling upon the parties' outstanding discovery motions. On January 15, 2016, the parties filed a joint report concerning the status of the discovery motions [DE #156]. At the January 20, 2016, hearing, the court heard the arguments of counsel, announced its rulings as to certain matters and took certain other matters under advisement. On January 29, 2016, a hearing was held telephonically, and the court announced its ruling as to certain matters raised in the parties' discovery motions. The court further instructed the parties to confer regarding any outstanding discovery disputes and to file a joint report concerning the status of those matters. The parties' joint report was subsequently filed on February 8, 2016 [DE #169].

I. Attorney-Client Privilege & Plaintiff's Motion to Compel [DE #96]

The primary focus of the parties' discovery disputes at the January 20, 2016, hearing was Wal-Mart's claim of attorney-client privilege. Plaintiff Variety Stores, Inc. ("Variety") seeks to compel production of documents that were withheld by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") on the ground of attorney-client privilege. Variety contends that Wal-Mart impliedly waived its attorney-client privilege by allowing its Rule 30(b)(6) deponent to testify that Wal-Mart's Brand Team learned of Variety's registered tradename THE BACKYARD and associated marks from Wal-Mart's legal team. (Mem. Supp. Pl's Mot. Compel [DE #97] at 6-7.) Variety further argues that Wal-Mart waived the privilege by arguing on summary judgment that it acted prudently in vetting potential brand names. (*Id.* at 8-9.)

2

Wal-Mart disputes Variety's claim of waiver. Wal-Mart contends that its Rule 30(b)(6) testimony concerned legal counsel's role in helping the Brand Team narrow the list of potential names for its new grilling process. Wal-Mart argues that it did not reveal the substance of any privileged communications either as a result of testimony that legal counsel made the Brand Team aware of Variety's tradename and mark or in its summary judgment arguments. (Mem. Opp. Pl.'s Mot. Compel [DE #103] at 3-8.) Additionally, Wal-Mart represents that it does not intend to produce any evidence in this case as to legal counsel's advice or Wal-Mart's decision to rely upon or to disregard the advice of legal counsel. (1/20/16 Hr'g Tr. at 31.) In its motion filed July 20, 2015 [DE #107], Wal-Mart seeks to prevent Variety from taking a Rule 30(b)(6) deposition, arguing, in part, that Variety is attempting to obtain information that is subject to the attorney-client privilege.

There is no dispute here with regard to application of the attorney-client privilege. The information sought concerns communications that are generally protected by federal law.[1] Instead, the issue is whether Wal-Mart waived its attorney-client privilege either through the testimony of its Rule 30(b)(6) deponent or by its summary judgment arguments.

A communication made in confidence between an attorney and his client may lose its privilege if disclosed to a third party. Loss of the privilege is not "confined 'to the particular words used to express the communication's content.'" *In re Grand Jury*

---

[1] Because this action arises under federal law, federal privilege law applies. *See William T. Thompson Co. v. Gen. Nutrition Corp.*, 671 F.2d 100, 103 (3d Cir. 1982) (applying federal privilege law in federal question cases); Fed. R. Civ. P. 501.

3

*Proceedings*, 727 F.2d 1352, 1356 (4th Cir. 1984) (quoting *United States v. Cote*, 456 F.2d 142, 145 (8th Cir. 1972)). Rather, it "extends 'to the substance of a communication.'" *Id.* "[D]isclosure of 'any significant part of a communication waives the privilege'" and requires disclosure of the details underlying the communication. *Id.* (internal quotation marks omitted); *see also* Fed. R. Civ. P. 502 advisory committee's note (stating that voluntary disclosure operates as a waiver of the communication or information disclosed).

Waiver may also occur if the client puts the attorney-client relationship in issue in the case. By asserting an affirmative defense of good faith reliance upon the advice of counsel, for example, a client waives his privilege concerning matters related to that advice. *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3rd Cir. 1997). An attorney's advice is not placed "in issue," however, "merely because the attorney's advice might affect the client's state of mind in a relevant manner." *Id.* Rather, it is "in issue" only "where the client asserts a claim or defense[] and attempts to prove that claim or defense by disclosing or describing" privileged communications. *Id.*

Wal-Mart has not waived its attorney-client privilege with respect to the information sought by Variety. The deposition testimony of Wal-Mart's Rule 30(b)(6) deponent did not disclose the substance of communications between legal counsel and its client. Nor did Wal-Mart place its attorney's advice in issue by disclosing or describing privileged communications in support of any claim or defense raised by Wal-Mart. Accordingly, the undersigned denies Variety's motion to compel

4

production of the documents to which Wal-Mart has asserted attorney-client privilege.

II. Plaintiff's Motion to Compel [DE #107] and
Defendant's Motion for Protective Order [DE #111]

At the January 20, 2016, hearing, the court clarified its May 19, 2015, ruling that Wal-Mart make available a Rule 30(b)(6) deponent to testify concerning licensing agreements and related correspondence. Based upon the court's clarification and the effect of the partial summary judgment order entered following the May 2015 ruling, the parties agreed and the court hereby ORDERS as follows:

1. Pursuant to Rule 30(b)(6), Wal-Mart shall designate and make available a witness to testify concerning the five licensing agreements previously produced in this action (including any consideration paid therefor) and any correspondence related to the licensing agreements;

2. Wal-Mart shall produce, in sufficient time for use at the deposition of Wal-Mart's Rule 30(b)(6) designee, all correspondence between Wal-Mart and third parties regarding negotiations as to the five licensing agreements previously produced;

3. Wal-Mart shall provide declarations concerning the existence or non-existence of "side agreements" (Topic 1) and any consideration given to licensees (Topic 3);

4. Wal-Mart shall provide Variety with a spreadsheet and verified, interrogatory-style response to Variety's request for information concerning Wal-

5

Mart's annual revenue, costs and profits relating to products bearing the BACKYARD GRILL + mark (Topic 5).

    5.    Subject to any privilege, Wal-Mart shall designate and make available, pursuant to Rule 30(b)(6), a witness to testify concerning the following:

    a.    Wal-Mart's planned future uses of the BACKYARD GRILL + mark (Topic 7);

    b.    Communications relating to the consideration, design, development, creation, selection and adoption of the BACKYARD GRILL + mark (Topic 8); and

    c.    Searches, investigations, or analyses conducted or commissioned to determine whether Wal-Mart could use or register the BACKYARD GRILL + design (Topic 9).

The parties represented that all further matters set forth in Plaintiff's motion to compel [DE #107] and Defendant's motion for protective order [DE #111] have been resolved.

### III.    Plaintiff's Motion for Protective Order [DE #109] and Defendant's Motion to Compel Rule 30(b)(6) Deposition [DE # 115]

At the court's direction, the parties filed a joint report informing the court of the status of the parties' outstanding discovery disputes, as well as their efforts to resolve such disputes [DE #169]. In that report, the parties advised the court they had resolved most of the outstanding issues. With regard to the matters not resolved by the parties, the court hereby ORDERS as follows:

    1.    Variety shall designate and make available a witness to testify concerning Variety's use of its marks; and

2. Wal-Mart shall conduct an electronic search for and produce to Variety, within twenty-one days of the date of this order, any communication related to the licensing agreements previously produced or any "side agreements," including without limitation, any negotiations concerning such agreements or consideration paid therefor.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's Motion to Compel [DE #96] is DENIED;

2. Plaintiff's Motion to Compel [DE #107] is GRANTED in part, DENIED in part, and DISMISSED AS MOOT in part, as more fully set forth above;

3. Defendant's Motion for Protective Order [DE #111] is GRANTED in part, DENIED in part, and DISMISSED AS MOOT in part, as more fully set forth above;

4. Plaintiff's Motion for Protective Order [DE #109] is GRANTED in part, DENIED in part, and DISMISSED AS MOOT in part, as more fully set forth above; and

5. Defendant's Motion to Compel [DE #115] is GRANTED in part, DENIED in part, and DISMISSED AS MOOT in part, as more fully set forth above.

This 9th day of March 2016.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge