| | )|
|---|---|
|VARIETY STORES, INC.,| )|
| | )|
|Plaintiff,| )|
| | )|
|v.| )|
| | )|
|WALMART INC.,| )|
| | )|
|Defendant.| )|
| | )|

**DEFENDANT WALMART INC.'S
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENTS
CONCERNING OTHER COMPLAINTS, INCIDENTS, CLAIMS, OR LAWSUITS**

Walmart moves to exclude Variety from referencing or presenting evidence related to other complaints, incidents, claims, and lawsuits involving Walmart. As the largest company in America operating thousands of stores across the United States, it is unsurprising that Walmart is involved with an assortment of complaints, incidents, claims, and lawsuits regarding a multitude of legal issues, including other intellectual property issues. Introduction of evidence related to these other claims—different cases involving different applicable law and factual issues—is irrelevant, highly prejudicial, and risks confusing the issues for the jury. For these reasons, such evidence should be inadmissible in this action.

## **ARGUMENT**

Walmart anticipates that Variety will seek to introduce evidence of other complaints, incidents, claims, and lawsuits in an attempt to show that Walmart has a proclivity for disregarding the rights (including intellectual property rights) of others, and is acting in accordance with that proclivity in connection with the issues in this action.

Evidence of these prior acts should be excluded as impermissible propensity evidence under Rule 404 of the Federal Rules of Evidence. *See* Fed. R. Evid. 404(a) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). Evidence of prior acts may be admissible in some circumstances, such as proving intent, motive, preparation, plan, knowledge, identity, absence of mistake, or accident, but for such prior acts to be admissible, the prior acts must be similar enough to be probative. *See Edwards v. ATRO SpA*, 891 F. Supp. 1074, 1082 (E.D.N.C. 1995), supplemented, 891 F. Supp. 1085 (E.D.N.C. 1995) (granting motion to exclude evidence of other lawsuits because "[t]he circumstances contained in this evidence are not substantially similar"); *see also Labs CA, LLC v. Nintendo Co., Ltd.*, 857 F.Supp.2d 550 (D. Md. 2012) (granting

1

alleged patent infringer's motion *in limine* to exclude evidence of an unrelated determination made by the U.S. Patent and Trademark Office upon an *inter partes* reexamination of the patent at issue); *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1573 (Fed. Cir. 1993) ("[E]vidence [of prior litigation] must pass muster, like any other evidence, as relevant and probative of an issue in the second case.").

The Fourth Circuit has identified a four-part test to determine the admissibility of evidence under Rules 403 and 404(b). *See Westfield Ins. Co. v. Harris*, 134 F.3d 608, 614 (4th Cir. 1998) (defining Rule 404(b) test); *United States v. Hornsby*, 666 F.3d 296, 307 (4th Cir. 2012) (defining Rule 403 test). For other "wrong acts" to be admitted, the moving party "must show the evidence (1) is relevant to an issue other than character; (2) is necessary 'in the sense that it is probative of an essential claim or an element of the offense'; (3) is reliable; and (4) carries probative value that does not substantially outweigh its prejudicial nature." *Westfield Ins.*, 134 F.3d at 614 (quoting *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)).

Variety's anticipated testimonial and documentary evidence related to complaints, incidents, claims, and lawsuits, including allegations of unrelated trademark infringement, should be excluded under the Fourth Circuit's test.

First, evidence of these prior acts, including unrelated prior infringement, is not relevant to any issue in this case and would permit the jury to draw the impermissible conclusion that because Walmart was alleged to commit, or did commit, other prior acts in the past, it must have done so in this case. *See Edwards*, 891 F. Supp. at 1082.

Second, the anticipated evidence of prior acts is not probative of any claim (or elements of any claim) asserted in this case. Walmart's past behavior is not probative to the determination the

jury will make in this case—whether the alleged infringement occurred in this case—and would only provide a basis for unfair prejudice.

Third, the anticipated prior acts evidence lacks the reliability necessary to be evidence in this case. Variety has not identified any potential witnesses that would be available at trial to testify to the prior acts; accordingly, any evidence that may be introduced concerning unrelated prior acts would be hearsay and thus unreliable on that basis alone.

Fourth, as addressed above, even if there were another permissible use of the anticipated evidence, the prejudicial nature of these prior acts substantially outweighs any probative value. Allowing evidence on causes of action that are irrelevant to the issues in the present case would impermissibly allow jurors to imply that Walmart may be liable simply because it had been sued in the past, without fully considering the facts in this case. *See* Fed. R. Evid. 401. Moreover, if evidence of other claims, lawsuits, and bad acts were permitted, Walmart would be forced to refute and differentiate the allegations levied against it, detracting from its defense of the issues in this case. The result would be a series of "mini-trials" on irrelevant issues that would serve only to confuse the issues before the jury, cause undue delay, and waste judicial resources. *See Landis v. Jarden Corp.*, 5 F. Supp. 3d 808, 815 (N.D.W. Va. 2014) ("[M]aterials [from other lawsuits and complaints] should be excluded under Rule 403, as their probative value is substantially outweighed by the dangers of confusing the issues, misleading the jury, and undue delay occasioned by inevitable mini-trials concerning the similarity of each of these incidents.").

## **CONCLUSION**

For the foregoing reasons, Walmart respectfully requests that the Court grant its Motion *in Limine* and exclude Variety from referencing or presenting evidence or arguments referencing other complaints, incidents, claims, or lawsuits.

3
Case 5:14-cv-00217-BO   Document 404   Filed 09/28/18   Page 4 of 6

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: September 28, 2018 | */s/Mark S. Puzella* |

        Mark S. Puzella (admitted pro hac vice)
        R. David Hosp (admitted pro hac vice)
        Sheryl K. Garko (admitted pro hac vice)
        FISH & RICHARDSON, P.C.
        One Marina Park Drive
        Boston, Massachusetts 02210
        Telephone: 617-521-7043
        Facsimile: 617-542-8906
        E-mail: puzella@fr.com
        hosp@fr.com
        garko@fr.com

        Elizabeth E. Brenckman (admitted pro hac vice)
        FISH & RICHARDSON, P.C.
        601 Lexington Avenue, 52nd Flr.
        New York, New York 10022
        Telephone: 212-641-2305
        Facsimile: 212-258-2291
        E-mail: brenckman@fr.com

        William W. Wilkins (SC Bar No. 6112)
        Kirsten E. Small (NC Bar No. 37057)
        NEXSEN PRUET
        55 E. Camperdown Way
        Suite 400
        Greenville, South Carolina 29601
        Telephone: 864-370-2211
        Facsimile: 864-282-1177
        E-mail: bwilkins@nexsenpruet.com
        ksmall@nexsenpruet.com

        ***Attorneys for Defendant Walmart Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 28th day of September, 2018.

*/s/Mark S. Puzella*
Mark S. Puzella