IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-217-BO

| | |
|---|---|
| VARIETY STORES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| WAL-MART STORES, INC. ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on plaintiff's Motion to Compel [DE 374] and Motion to Enforce the April 11, 2016 Agreement [DE 376]. Both have been fully briefed and are ripe for disposition. For the reasons discussed below, plaintiff's motions are DENIED. Plaintiff has also moved for permission to file a reply to defendant's response in opposition to the Motion to Compel [DE 390]. Plaintiff's Motion for Leave to File is also DENIED.

BACKGROUND

Plaintiff initiated this action in April 2014, alleging that defendant had infringed upon plaintiff's BACKYARD trademark in defendant's sale of products bearing the BACKYARD GRILL + Design mark. [DE 1 ¶ 33]. In November 2013, defendant provided privilege logs that withheld some e-mail communications on the grounds of attorney-client privilege. [DE 97-1]. In March 2014, plaintiff deposed Karen Dineen, questioning her about the process through which Walmart arrived at the BACKYARD GRILL + Design brand. [DE 375].

In May 2015, plaintiff moved for summary judgment. [DE 43]. The following month, plaintiff moved to compel defendant to produce certain communications which defendant asserted were protected by attorney-client privilege. [DE 96]. While this motion was pending, the Court granted plaintiff's motion for summary judgment, since vacated. [DE 149]. Subsequently, in

March 2016, Magistrate Judge Swank denied plaintiff's motion to compel. [DE 181]. Plaintiff did not appeal.

In July 2018, plaintiff filed another motion to compel the production of certain communications which defendant claims are privileged. [DE 374]. Defendant responded in opposition. [DE 382]. Plaintiff then moved for leave to file a reply, requesting that an exception be made to Local Civil Rules 7.1(g)(2) and 26.1(d)(3). [DE 390].

Additionally, following the Court's 2015 summary judgment order, on April 11, 2016, the parties entered into a confidential agreement. This agreement contains terms concerning how the evidence of certain future conduct by the parties could be introduced at a subsequent trial. In July, plaintiff moved to enforce this agreement. [DE 376]. On August 8, defendant filed, under seal, its opposition to enforcement of the agreement in the manner requested by plaintiff. [DE 384].

DISCUSSION

**1. Plaintiff's Motion to Compel is denied.**

The attorney-client privilege "merits special protection 'to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 291 (4th Cir. 2004) (quoting *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981)). By its nature, the privilege "impedes the full and free discovery of the truth," and thus must be "strictly confined within the narrowest possible limits consistent with the logic of its principle." *In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984).

The party claiming attorney-client privilege bears the burden of showing that it has not waived privilege. *In re Grand Jury Subpoena*, 204 F.3d 516, 522 (4th Cir. 2000). Waiver can be express or implied. *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998). A party impliedly

2

waives privilege when it discloses "any significant part" of a confidential communication to anyone not covered by the privilege. *In re Grand Jury Proceedings*, 727 F.2d 1352 at 1356. Waiver may also occur if the client puts an attorney-client communication at issue in a case. The affirmative defense of good faith reliance on advice of counsel, for example, waives the privilege concerning matters related to that advice. *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3rd Cir. 1997).

But attorney-client privilege does not attach to every aspect of communication between lawyers and their clients. The *fact* that legal advice was sought and given, for instance, is not privileged. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999). Privilege, therefore, can be waived only when the *substance* of some privileged communication is disclosed. *Hanson*, 372 F.3d at 293–94.

Plaintiff's motion is a reprisal of the Motion to Compel decided by Magistrate Judge Swank in 2016. At the time, Magistrate Judge Swank concluded that defendant had "not waived its attorney-client privilege with respect to the information sought by [plaintiff]." [DE 181 at 4]. She found that the statements made by defendant's Rule 30(b)(6) deponent had not disclosed the substance of the communications between defendant and its legal counsel. Additionally, Magistrate Judge Swank determined that defendant had not placed privileged communications at issue in support of any claim or defense that defendant had raised.

Since that time, little has changed. Plaintiff points to further testimony by that same witness that allegedly disclosed the substance of privileged communications, but this testimony reveals no more than had been previously known. Defendant has not disclosed "any significant part" of the *substance* of privileged communications. Defendant's witnesses have testified that, in the process of choosing the BACKYARD GRILL + Design brand, they were in communication with legal

3

counsel. Defendant has further disclosed the fact that defendant learned of plaintiff's trademark, among other trademarks. None of the testimony, however, amounts to a disclosure of the substance of any communication.

Both parties rely upon the Fourth Circuit's decision to support their claims regarding waiver. The Fourth Circuit's language, however, does not reflect any finding as to waiver. Instead, it reflects the Fourth Circuit's conclusion that in drawing inferences in favor of the non-moving party—in this case, the defendant—at the summary judgment stage, a genuine issue of material fact existed as to whether defendant had "acted in good faith by following the advice of counsel." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 665 (4th Cir. 2018). The Fourth Circuit did not conclude either that defendant had waived its privilege or that it had not, and it did not conclude that the defendant had affirmatively placed privileged communications at issue.

Thus, defendants have not impliedly waived attorney-client privilege, and plaintiff's Motion to Compel is denied.

### 2. Plaintiff's Motion to Enforce the April 11, 2016 Agreement is denied.

"Proper interpretation of a document, be it statute, contract or will, requires an examination of the whole instrument." *State v. Fox*, 262 N.C. 193, 195 (1964). When the terms of a contract are clear, courts are bound to interpret them as written. *Rosania v. Rosania*, 422 S.E.2d 348, 450 (N.C. Ct. App. 1992). Contracts should not be construed in such a way as to render some terms "redundant or ineffectual." *Maddox v. Colonial Life & Acc. Ins. Co.*, 303 N.C. 648, 654 (1981).

Here, there is no need to go beyond the agreement's plain language. The parties' agreement concerns conduct related to the trademarked products in dispute. This is clear from the first sentence of the relevant sub-paragraph, 7(a), as well as from the document as a whole. The Court

4

will not supply additional terms. As such, the agreement cannot be interpreted to apply to conduct related to products that do not bear the disputed trademark.

To grant plaintiff's motion would not be to enforce the agreement, as it was written, but to place broader limitations on defendant than the parties agreed to impose. Plaintiff argues that defendant's interpretation renders some terms redundant. But, in accepting the normal meaning of the words in the disputed agreement, it is plain that each term is necessary, albeit in a more limited manner than plaintiff desires: the terms relate *only* to the trademarked products.

Thus, plaintiff's Motion to Enforce the April 11, 2016 Agreement is denied.

### 3. Plaintiff's Motion for Leave to File Reply is denied.

Local Civil Rules 7.1(g)(2) and 26.1(d)(3) plainly state that "Replies are not permitted in discovery disputes." Local Civil Rule 1.1, however, provides that the Court, "for good cause and in his or her discretion, may alter these rules in any particular case."

Plaintiff requests permission to file a reply to defendant's opposition to its Motion to Compel, arguing that "good cause" exists. Claiming that this is not a "garden variety" discovery dispute and that defendant "has abused the discovery process," plaintiff seeks to correct what are, in its view, "wholesale misrepresentations" contained in defendant's response. [DE 391 at 2–3]. Plaintiff has, however, had ample opportunity to make its arguments to the Court. It has taken advantage of that opportunity frequently. As such, there is no need to set aside Local Civil Rules 7.1(g)(2) and 26.1(d)(3).

Thus, plaintiff's Motion for Leave to File Reply is denied.

## CONCLUSION

For the above reasons, plaintiff's Motion to Compel [DE 374], Motion to Enforce the April 11, 2016 Agreement [DE 376], and Motion for Leave to File Reply [DE 390] are DENIED.

SO ORDERED, this  18  day of October, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE