IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| VARIETY STORES, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 5:14-cv-00217 |
| WAL-MART STORES, INC., | ) |
| Defendant. | ) |

## VARIETY'S SUPPLEMENTAL TRIAL BRIEF

**I.     INTRODUCTION**

Variety submits this Supplemental Trial Brief to correct substantial misstatements of the law which Walmart has made in its recent filings with this Court. *See* [DE 515] (Walmart Jury Instruction No. 8 instructing jury to "weigh" the *Synergistic* factors); [DE 516] (Walmart Jury Verdict Form listing *Synergistic* factors as a prerequisite to any award of damages or profits). Walmart's current position is that the ***jury*** (and not the Court) should ***balance the equities*** as a prerequisite to any assessment of actual damages or profits. Walmart's position – which differs from its previous positions – appears to have been created to provide it with a second opportunity to try the liability issues already tried to the Court in October, and which resulted in jury findings of willful infringement. Walmart is wrong for several reasons:

*First*, juries do not *balance* the equities – that role is reserved for the Court alone, in some cases after a jury has found specific facts. The jury determines liability and the Court weighs the equities as to any award of profits;

*Second*, actual damages are purely legal issues for a jury backed by the Seventh Amendment right. As such, **equity** cannot extinguish a legal entitlement to damages actually incurred by a trademark plaintiff;

***Third***, Walmart's filings are limited to Lanham Act remedies and ignore Variety's state law claims. Variety has a legal entitlement to its actual damages under its North Carolina claims including under North Carolina Unfair and Deceptive Trade Practices Act and under North Carolina Trademark law.

In contrast to the positions taken by Walmart, all that remains to be determined are the monetary remedies to which Variety is entitled. As such, certain issues remain for a jury determination, and others for the Court. The statutory and case law is clear: (1) Variety is entitled to recover Walmart's profits and its damages, ***and*** the costs of the action; (2) the jury is to assess such profits and damages; and (3) the Court may then weigh the equities, guided by the *Synergistic* factors and the prior jury's finding of willfulness, and shall enter judgment for any sum above the amount found as actual damages, but not exceeding three times such amount. *See* 15 U.S.C. § 1117.

It is well-settled that "*Synergistic* should be limited to bench trials and not applicable to jury trials, such as the present case. To do [otherwise] would effectively eliminate the jury deciding profits or damages and would contradict the Lanham Act, which specifically provides for a jury's assessment of profits and damages." *Super Duper, Inc. v. Mattel, Inc.*, 2009 WL 10678334, *1 (D.S.C. March 31, 2009) (Floyd, J.).[1] Here, the only questions that remain for this jury to answer are: (1) the amount of actual damages Variety suffered as a result of Walmart's willful infringement; and (2) the amount by which Walmart profited by its willful infringement. The Court may then *in its discretion* apply the equitable factors to the jury's assessment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background of this case is recited in Variety's Trial Brief [DE 462] and need not be repeated here. However, since Variety's Trial Brief [DE 462] was filed, this Court held a three day jury trial which resulted in a finding by the jury of willful trademark infringement. That is, the jury concluded that there was a likelihood of confusion between Variety's registered trademark, THE

---

[1] Judge Floyd's Order in *Super Duper* is notable both because it was affirmed by the Fourth Circuit and because Judge Floyd sat on the appellate panel in the appeal in this case.

2

BACKYARD, as well as Variety's trademarks in BACKYARD and BACKYARD BBQ and Walmart's use of the BACKYARD GRILL + Design mark. [DE 479]. The jury further affirmatively found that Walmart's infringement was willful. *Id.*

Following trial, this Court denied Walmart's post-trial motions and granted Variety's motion for a remedies trial. *Variety Stores, Inc. v. Wal-Mart Inc.*, 2019 WL 178640 (E.D.N.C. Jan. 11, 2019). In so doing, this Court expressly acknowledged that Variety is entitled to both legal and equitable remedies under the statutes and that, while the jury would calculate the damages and profits, the Court would balance the equities.

> Trademark infringement claims are legal, rather than equitable, in nature, so the trademark owner is entitled to a jury trial. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962). Thus, even though profits disgorgement issues are governed by 15 U.S.C. § 1117 and equitable in nature, Variety is entitled to a jury trial on damages. *See Synergistic*, 470 F.3d at 173; *see also Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11 (1959) (holding that the right to a jury trial existed in a case containing both legal and equitable issues). Variety asks that both the royalties and disgorgement issues be presented to the jury, arguing that doing so would be consistent with the Fourth Circuit's decision vacating the Court's prior summary judgment order. The Court agrees that both questions may be submitted to the jury, but disgorgement of profits remains an equitable matter and the Court will retain discretion to modify any jury verdict on disgorgement according to equitable principles.

*Id.* at *9.

Accordingly, all that remains of this case is for the jury to factually assess the damages and profits, and then *for the Court to balance the equities*, guided by the *Synergistic* factors.

### III. ARGUMENT

#### A. <u>The Jury *Assesses* Profits and Damages and the Court Balances the Equities</u>

The Lanham Act is clear:

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 11125(a) or (d) of this title…shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled…to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction.

15 U.S.C. § 1117. The infringer's profits and the actual damages suffered by the trademark owner are separate, not alternate, bases for recovery under the Lanham Act. *Sands, Taylor & Wood v. Quaker Oats*

*Co.*, 34 F.3d 1340, 1347 (7th Cir. 1994) ("the Lanham Act "allows an award of three *nonexclusive* monetary remedies"). The jury's role under the statute is to *assess* the profits and damages, in other words, determine as a factual matter the amount of damages sustained by Variety and the amount of profits garnered by Walmart. *See id*. The Court may then increase or decrease the jury's award under its equitable powers, but it may not decrease the jury award less than the amount found by the jury as actual damages and not more than three times that amount. *See id*.

Walmart improperly contends that the jury must *balance* the equitable *Synergistic* factors. Walmart Jury Instruction No. 8 [DE 515 at 9]; Walmart Proposed Verdict Form [DE 516 at 3]. Walmart's proposition has no support in the law. *Synergistic* does not stand for such a broad proposition and Variety can find no case where a Court asked a jury to *weigh* the equities. In *Synergistic*, the parties filed cross motions for summary judgment, and the district court granted summary judgment of trademark infringement in favor of the plaintiff. The trademark owner was not seeking actual damages, so the court held a bench trial on the appropriate relief for the plaintiff and awarded the plaintiff a certain amount of the infringer's profits. In its decision, the district court stated that it had balanced the equities in the case in determining the damages award. On appeal, the Fourth Circuit remanded the issue of monetary recovery, stating that the district court must weigh the equities in determining the appropriate award and must also provide its reasoning for the award. *Synergistic*, 470 F.3d at 176.

The Fourth Circuit enumerated the six *Synergistic* factors to assist the Court in balancing the equities. *Synergistic* was the result of a bench trial to assess the equitable remedy of disgorgement of profits and its holding must be likewise limited. As to the role played by the *Synergistic* factors, Judge Floyd stated:

> *Synergistic* should be limited to bench trials and not applicable to jury trials, such as the present case. To do otherwise would effectively eliminate the jury deciding profits or damages and would contradict the Lanham Act, which specifically provides for a jury's assessment of profits and damages.

*Super Duper, Inc.*, 2009 WL 10678334, *1 (internal citation omitted). Walmart's jury instructions and jury verdict form propose just such contradiction of the Lanham Act.

4

Similarly, in *Buzz Off Insect Shield, LLC v. S.C. Johnson & Son, Inc.*, the jury found that Buzz Off willfully infringed S.C. Johnson's trademark. 606 F. Supp. 2d 571, 577 (M.D.N.C. 2009). The jury awarded S.C. Johnson $280,000 in actual damages incurred as a result of Buzz Off's willful trademark infringement. Following the jury's assessment of the actual damages, the Court then weighed the *Synergistic* factors on S.C. Johnson's motion to enhance the judgment and found that the jury's award was an "adequate amount of damages in this case." *Id*. at 590.

Walmart's approach is also wrong from a practical standpoint. If, as Walmart suggests, the jury weighs the equities and decreases the assessment of the profits, the Court would have no practical way of knowing to what extent the jury had already decreased the amount of profits based on the equities. This could result in a double reduction of a profit award if the Court also exercised its statutory authority to balance the equities and further reduced the profit award. Quite clearly, the only statutorily sound approach is to have the jury assess the profits as a factual matter and have the Court balance the equities.

### B.  Equitable Factors are not a Prerequisite to Actual Damages

The Supreme Court has repeatedly recognized that "damages [are] a quintessential legal remedy" which squarely fall within the province of the jury, not a Court sitting in equity. *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 137 S. Ct. 954, 960 (2017). In like measure, the Lanham Act entitles the trademark owner to "any damages sustained by the plaintiff…." This Court has recognized the same: "Trademark infringement claims are legal, rather than equitable, in nature, so the trademark owner is entitled to a jury trial." *Variety Stores, Inc. v. Wal-Mart Inc.*, 2019 WL 178640 at *9 (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962)). The Fifth Circuit aptly concluded: "As long as any legal cause is involved the jury rights it creates control. This is the teaching of *Beacon Theatres*, as we construe it." *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp*., 294 F.2d 486, 491 (5th Cir. 1961) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959)).

Equally clear is the fact that the Lanham Act does not permit equity to *diminish* an award of actual damages, but only to enhance it: "In assessing damages the court may enter judgment, according to

5

the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. §1117.

Walmart's proffered approach is diametrically opposite *SCA Hygiene Products*, *Dairy Queen*, *Beacon Theatres*, and, indeed, the Lanham Act. Walmart would first have the *jury* balance the equities and then assess damages. Walmart is wrong. The only correct procedure is to have the jury assess the damages and then the Court can enhance the award if required by equity. The Lanham Act and the Supreme Court require nothing less.

### C. Variety is Legally Entitled to Have a Jury Assess Damages Arising Under Its North Carolina Claims

In addition to all of the above noted errors in Walmart's approach to the remedies trial, Walmart is also wrong in that Walmart ignores Variety's right to recover damages under its North Carolina causes of action. Variety has claims under N.C. Gen. Stat. §75-1.1 *et seq.* and under North Carolina Common law. The jury's finding of likelihood of confusion and willful trademark infringement automatically triggers liability and damages under North Carolina law. Neither the North Carolina statutes, nor the Fourth Circuit, nor the North Carolina courts have required a Synergistic-type balancing under the North Carolina law, and Variety is entitled to recover its actual damages sustained.

### IV. CONCLUSION

For all of the above reasons, and for all of the reasons set out in Variety's Trial Brief [DE 462], the remedies trial should be limited to a factual assessment by the jury of Variety's actual damages and Walmart's profits. The *Synergistic* factors should form no part of the jury trial but should be left to the sound discretion of the Court after the jury has rendered its assessment.

This the 4th day of February, 2019.

Respectfully submitted,

/s/ W. Thad Adams, III
W. Thad Adams, III (N.C. Bar No. 000020)
Samuel A. Long, Jr. (N.C. Bar No. 46588)
Christina Davidson Trimmer (N.C. Bar No. 44857)
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon St., Suite 2200

Charlotte, North Carolina 28280-0002
Telephone: 704-945-2901
Fax: 704-332-1197
Email: tadams@slk-law.com
along@slk-law.com
ctrimmer@slk-law.com


/s/ Scott P. Shaw
Scott P. Shaw (CA Bar No. 223592)
CALL & JENSEN
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: 949-717-3000
Fax: 949-717-3100
Email: sshaw@calljensen.com
LR 83.1 Counsel

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 4th day of February, 2019.

                                      Respectfully submitted,

                                      /s/ W. Thad Adams, III
W. Thad Adams, III (N.C. Bar No. 000020)
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon St., Suite 2200
Charlotte, North Carolina 28280-0002
Telephone: 704-945-2901
Fax: 704-332-1197
Email: tadams@slk-law.com