IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-217-BO

| | |
|---|---|
| VARIETY STORES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>    Defendant. | |

**WALMART'S OPPOSITION TO VARIETY'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING WALMART'S MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE OR ARGUMENT CONCERNING RELIEF UNDER NORTH CAROLINA'S UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**

Walmart Inc. ("Walmart") submits this opposition to the Motion for Reconsideration of the Court's Granting of Walmart's Motion *in Limine* to Exclude Any Evidence or Argument Concerning Relief Under North Carolina's Unfair and Deceptive Trade Practices Act, filed by Variety Stores, Inc. ("Variety"). DE 565. The motion should be denied. The Court correctly concluded that Variety waived its claim under the UDTPA by failing to raise it in the liability trial. DE 562 at 2. Variety shows no error in that ruling, let alone the sort of clear error or "manifest injustice" required for a motion for reconsideration.

## BACKGROUND

On October 11, 2018, Variety filed proposed jury instructions and a proposed verdict form for the trial that was set to begin on October 22, 2018. DE 438, 439. At this time, the parties understood the issues in the upcoming trial to encompass both liability and remedies on Variety's claims, and Variety's proposed jury instructions and verdict form accordingly pertained to both liability and remedies. Variety did not include any claim under the ***UDTPA*** in either its proposed jury instructions or its proposed verdict form. DE 438, 439. By failing to request an instruction on its state law claim even before bifurcation, Variety waived that claim at that point in time

On October 22, 2018, the Court elected to bifurcate the trial into liability and damages phases, and the parties proceeded with the liability trial. Because Variety had elected not to include a UDTPA claim in its proposed jury instructions or verdict form, the parties presented no evidence or argument on a UDTPA claim, and the jury was not instructed to consider whether Walmart was liable under the UDTPA. The jury was instead asked to determine only whether Walmart's use of the BACKYARD GRILL + Design trademark was infringing under the Lanham Act and whether Walmart's conduct was willful, and those are the only issues the jury decided. *See* DE 479.

1
Case 5:14-cv-00217-BO   Document 566   Filed 02/12/19   Page 2 of 8

Before the remedies trial, Walmart filed a motion *in limine* to exclude evidence or argument pertaining to Variety's waived UDTPA claim. DE 528. Although Variety opposed this motion, DE 552, Variety's proposed jury instructions and verdict form for the remedies trial once again made no mention of any UDTPA claim, DE 517, 518.

On February 11, 2019, this Court agreed that Variety had waived its UDTPA claim and granted Walmart's motion. DE 562. Variety now moves for reconsideration of the Court's decision.

## ARGUMENT

"[M]otions for reconsideration are allowed only at the discretion of the court and only under certain circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error or prevent manifest injustice." *360 Mortgage Grp., LLC v. Stonegate Mortgage Corp.*, No. 14-cv-00310-F, 2016 U.S. Dist. LEXIS 168195, at *1 (E.D.N.C. Dec. 6, 2016) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Such motions "are improper if they serve merely to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Id.* (internal quotation marks omitted). "Manifest injustice is defined as an error by the court that is direct, obvious, and observable." *Hartzman v. Wells Fargo & Co.*, No. 1:14CV808, 2016 U.S. Dist. LEXIS 163035, at *3 (M.D.N.C. June 28, 2016) (internal quotation marks omitted). Motions for reconsideration "are neither an opportunity to make arguments that could have been made before the judgment was entered, nor a chance to rehash issues already ruled upon because a party disagrees with the result." *Sonoco Prods. Co. v. Guven*, No. 4:12-790-BHH, 2014 U.S. Dist. LEXIS 114756, at *3 (D.S.C. Aug. 19, 2014)

2

Variety cannot come close to satisfying this standard. Variety waived its UDTPA claim by failing to include it in its proposed jury instructions and verdict form before the liability trial. DE 438, 439. As a result of the waiver, the parties presented no evidence on the UDTPA claim during the liability trial, the jury was not asked to render a verdict on Walmart's liability under the UDTPA on the verdict form, and Variety never objected to the verdict form. As a result of all this, the jury did not find Walmart liable under the UDTPA. Because there is no finding of liability under the UDTPA, there is no basis on which to award remedies for that waived claim. A simpler case of waiver is difficult to imagine; in the Court's words, "by failing to raise that claim at the liability phase, it has necessarily been waived." DE 562 at 2.

Variety now argues that the Court must reconsider this decision "to correct a clear error of law or prevent manifest injustice." DE 565 at 2. This argument is a nonstarter, because before the remedies trial, Variety *again* failed to include its waived UDTPA claim in its proposed jury instructions or verdict form—so the claim is now doubly waived. DE 517, 518. In any event, Variety's arguments do not come close to satisfying the demanding standard for a motion to reconsider, and in fact this Court was correct.

First, Variety attempts to excuse its waiver by arguing that "the Court *sua sponte* limited the October trial to *only* the issue of likelihood of confusion." DE 565 at 2. It acknowledges that it "did not list UDTPA … in the jury instructions," but says this was "because the Court limited the bounds of th[e] trial." *Id.* at 3. This is false. As Variety well knows, the Court did not bifurcate the trial until *after* Variety failed to include the UDTPA in its proposed jury instructions and verdict form. For clarity and convenience, here is the procedural timeline of Variety's waiver:



That is, Variety waived its UDTPA claim *before* this Court limited the scope of the first trial in any way, so Variety's attempt to blame the Court for its decision not to include a UDTPA claim in the liability trial is meritless.

Second, Variety suggests that even though it failed to request that its UDTPA claim be submitted to the jury, and the parties offered no evidence or argument as to that claim, this Court can somehow assume that Variety successfully established its waived claim anyway and award it a remedy on that claim. DE 565 at 2. But as the Court held, to recover under the UDTPA, a plaintiff must prove additional elements that are not required for liability for trademark infringement under the Lanham Act. DE 562 at 2. In particular, the plaintiff must show that it suffered an actual injury and that defendant's conduct was a cause in fact of that injury. *Buzz Off Insect Shield, Ltd. Liab. Co. v. S.C. Johnson & Son, Inc.*, 606 F. Supp. 2d 571, 577–78, 586 (M.D.N.C. 2009) (finding no inconsistency where the jury found liability under the Lanham Act but concluded that the trademark infringement was not the proximate cause of injury to the plaintiff to support a claim under the UDTPA); *see also Strates Shows, Inc. v. Amusements of Am., Inc.*, 184 N.C. App. 455, 462–63 (N.C. Ct. App. 2007) (listing elements of the UDTPA). The jury was never asked to consider those additional elements, and thus the jury's verdict from the liability

trial does not support liability under the UDTPA. Variety cannot now seek a remedy based on liability that the jury did not find.

There is no "manifest injustice" in holding Variety to its waiver, nor is there clear error in the Court's decision granting Walmart's motion *in limine*. Indeed, if anything, it would be manifestly unjust to force Walmart to defend against remedies theories that have not been presented to the jury and on which there have been no findings of liability. Variety simply "ask[s] the Court to rethink what the Court had already thought through—rightly or wrongly." *360 Mortgage Grp., LLC*, 2016 U.S. Dist. LEXIS 168195, at *1; *see also RF Micro Devices, Inc. v. Xiang*, No. 1:12CV967, 2016 U.S. Dist. LEXIS 74550, at *6-7 (M.D.N.C. June 8, 2016) (denying motion for reconsideration where the plaintiff presented the same arguments that it raised in its previous motions and did not show that the court misunderstood those arguments—"only that it disagreed with them"). That is not a proper basis for reconsideration, and, in any event, the Court got it exactly right.

*****

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: February 12, 2019 | */s/Mark S. Puzella* |

        Mark S. Puzella (admitted pro hac vice)
        R. David Hosp (admitted pro hac vice)
        Sheryl K. Garko (admitted pro hac vice)
        FISH & RICHARDSON, P.C.
        One Marina Park Drive
        Boston, Massachusetts 02210
        Telephone: 617-521-7043
        Facsimile: 617-542-8906
        E-mail: puzella@fr.com
        hosp@fr.com
        garko@fr.com

        Elizabeth E. Brenckman (admitted pro hac vice)
        FISH & RICHARDSON, P.C.
        601 Lexington Avenue, 52nd Flr.
        New York, New York 10022
        Telephone: 212-641-2305
        Facsimile: 212-258-2291
        E-mail: brenckman@fr.com

        William W. Wilkins (SC Bar No. 6112)
        Kirsten E. Small (NC Bar No. 37057)
        NEXSEN PRUET
        55 E. Camperdown Way
        Suite 400
        Greenville, South Carolina 29601
        Telephone: 864-370-2211
        Facsimile: 864-282-1177
        E-mail: bwilkins@nexsenpruet.com
        ksmall@nexsenpruet.com

        ***Attorneys for Defendant Walmart Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 12th day of February, 2019.

*/s/Mark S. Puzella*
Mark S. Puzella