IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-217-BO

| | |
|---|---|
| VARIETY STORES, INC., | ) |
|     Variety, | ) ) ) |
| v. | )    O R D E R |
| WAL-MART INC., | ) ) ) |
|     Walmart. | ) |

This cause comes before the Court on defendant's motion for approval of supersedeas bond and stay of execution of judgment pending appeal. [DE 649]. The motion is ripe for disposition. For the reasons that follow, defendant's motion for approval of supersedeas bond and stay of execution of judgment [DE 649] is granted.

## BACKGROUND

Variety Stores, Inc. initiated this action in April 2014, alleging that Walmart Inc. had infringed upon Variety's THE BACKYARD, BACKYARD, and BACKYARD BBQ trademarks in Walmart's sale of products bearing the BACKYARD GRILL + Design mark. [DE 1 ¶ 33]. The Court bifurcated the jury trial into two phases.

On October 22–24, 2018, a jury trial on the question of liability was held in Elizabeth City, North Carolina. [DE 476–78]. The jury returned a verdict for Variety, finding that Walmart's use of the BACKYARD GRILL + Design mark was likely to cause confusion in connection with Variety's marks and that Walmart had willfully infringed on Variety's marks. [DE 481]. Following the trial, the Court denied defendant's motions for a new trial and judgment as a matter of law,

declined to certify the liability issue for interlocutory appeal, and granted plaintiff's motion for a jury trial on profits and damages. [DE 512].

On February 11–12, 2019, the second phase of the bifurcated trial was held, before the same jury, in Elizabeth City, North Carolina. [DE 568–69]. The jury returned a verdict awarding Variety $45,536,486.71 as a reasonable royalty and $50,000,000.00 in profits, for a total award of $95,536,486.71. [DE 570]. Final judgment was entered on February 12, 2019. [DE 572]. The Court weighed the principles of equity and the particular circumstances of the case, concluding that the jury's award was an appropriate and adequate amount of damages under the Lanham Act. [DE 575–76]. The Court then awarded Variety $3,819,075.00 in reasonable attorneys' fees under 15 U.S.C. § 1117(a) and $317,093.75 in non-taxable expenses, for a total sum of $4,136,168.75, but denied Variety's motion for treble damages and prejudgment interest. [DE 638]. The Court denied Walmart's motions for a new trial and judgment as a matter of law. *Id.*

In June 2019, Walmart noticed an appeal of this Court's orders and judgment. [DE 639]. Variety noticed a cross-appeal less than two weeks later. [DE 643]. In July, Variety applied for a writ of execution under Rule 69(a)(1) of the Federal Rules of Civil Procedure, requesting execution of the $95,536,846.71 judgment plus $1,038,603.31 in post-judgment interest, for a total of $96,575,450.02. [DE 647]. Walmart then moved to stay execution of the judgment pending appeal, attaching a supersedeas bond in the amount of $97,982,589.99, representing the total amount of the judgment plus post-judgment interest for one year. [DE 649]. Variety did not timely respond to Walmart's motion for approval of the supersedeas bond and stay of execution of judgment.

## DISCUSSION

Rule 62(b) of the Federal Rules of Civil Procedure states: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when

the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). A party that posts a supersedeas bond pursuant to Rule 62(b) is entitled to a stay of execution of a final judgment as a matter of right. *See Kirby v. Gen. Elec. Co.*, 210 F.R.D. 180, 194–95 (W.D.N.C. 2000), *aff'd*, 20 F. App'x 167 (4th Cir. 2001) (determining that under former Rule 62(d), now Rule 62(b), the party posting the supersedeas bond is entitled to a stay as of right); *see also Fed. Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) ("Beyond question, Rule 62(d) entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right.").

Walmart requests approval of a supersedeas bond in the amount of $97,982,589.99; this amount reflects the total judgment plus one year of post-judgment interest in the amount of $2,445,743.28. Variety has not opposed approval of the bond. The Court finds that the proposed bond would sufficiently secure the amount of the judgment, plus interest, while the matter is on appeal. The supersedeas bond is satisfactory. Accordingly, Walmart's motion is granted and, pursuant to Rule 62(b), execution of the Court's judgment is stayed pending the present appeal.

## CONCLUSION

For the above reasons, defendant's motion for approval of supersedeas bond and stay of execution of judgment [DE 649] is GRANTED. Defendant is ORDERED to post a supersedeas bond in the form provided in DE 650-1 in the amount of $97,982,589.99 with the Clerk of Court. Execution of the judgment entered on February 12, 2019 is stayed pending the present appeal.

SO ORDERED, this 29 day of August, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE